UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MARION MAUPIN,

                Plaintiff,   **MEMORANDUM AND ORDER**
     - against -   25-CV-1915 (PKC) (JMW)

COUNTY OF SUFFOLK, NEW YORK
STATE BOARD OF PAROLE, PRS J.
RIVERA, PO. V. SMITH, PAROLE OFFICE
550 JOHNSON AVE. BOHEMIA, NY, 11716,
and PO. GRAY,

                Defendants.
--------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiff Marion Maupin ("Plaintiff"), who is currently incarcerated at Suffolk County Correctional Facility, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., Dkt. 1.) The Court grants Plaintiff's application to proceed *in forma pauperis*, (Dkt. 2), pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court *sua sponte*—meaning, of its own accord—dismisses this action.

### BACKGROUND

Plaintiff brought this action on April 7, 2025. (Compl., Dkt. 1.) Defendants are the County of Suffolk, the New York State Board of Parole, "PRS Ms. J. Rivera," "Ms. PO. V. Smith," the Parole Office located at 550 Johnson Ave., Bohemia, NY 11716, and "Ms. PO. Gray." (*Id.*) Plaintiff brings his claims under Section 1983, state law, and the Fourth and Fourteenth

Amendments, seeking compensatory, punitive, and "loss of liberty" damages, as well as costs, interest, and attorney's fees. (*Id.* at ECF[1] 6, 9.)

The Court takes judicial notice that Plaintiff served a five-year custodial sentence under New York's Department of Corrections and Community Supervision ("DOCCS") and was released to community supervision on June 6, 2024. Incarcerated Lookup, New York State Dep't of Corr. and Cmty. Supervision, https://nysdoccslookup.doccs.ny.gov/ (last visited Apr. 25, 2025) (identifying Plaintiff by his first and last name). Plaintiff states that he "got locked up on 1/24/25 and went to my final hearing on 2/4/25." (Compl., Dkt. 1, at ECF 3.) The parole revocation hearing was adjourned until March 6, 2025. (*Id.* at ECF 3–4.) The DOCCS was represented by Defendant Rivera. (*Id.*) Plaintiff states: "P.R.S. J. Rivera said Parole was not gonna' violate Plaintiff once Plaintiff's 6 [months] was up and done but Defendants still did due to the new warrant and the hold parole has on Plaintiff." (*Id.* at ECF 4.) Plaintiff was sentenced to six months of additional incarceration. (*Id.* at ECF 3.) Plaintiff asserts that this sentence was illegal or unauthorized. (*Id.* at ECF 4–5.)

## LEGAL STANDARD

In reviewing Plaintiff's action, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). "[A] *pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Still, district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1).

## DISCUSSION

Section 1983 provides an independent cause of action for civil actions alleging constitutional violations, but it cannot be used to attack or overturn an otherwise valid criminal conviction or sentence. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87 (1994). This is known as the "favorable-termination requirement." *Smalls v. Collins*, 10 F.4th 117, 137 n.9 (2d Cir. 2021). After *Heck*, the Supreme Court subsequently held that "a state prisoner's [Section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). *Heck* and its favorable-termination requirement apply to Section 1983 actions that challenge the fact or duration of confinement based on the revocation of parole. *Opperisano v.*

3

*P.O. Jones*, 286 F. Supp. 3d 450, 454–55 (E.D.N.Y. 2018), citing *Victory v. Pataki*, 632 F. App'x 41, 44 (2d Cir. 2016) (affirming district court's dismissal under *Heck* of challenge to parole revocation proceedings); *Lee v. Donnaruma*, 63 F. App'x 39, 41 (2d Cir. 2003) ("Courts have applied *Heck* to prevent a state prisoner from bringing a Section 1983 action challenging a parole revocation unless that revocation decision is reversed or the underlying conviction is set aside.").

Here, Plaintiff's allegations plainly challenge the validity of the parole revocation procedures and the resulting sentence. But he does not allege that the proceedings and sentence have been invalidated in an appropriate state or federal proceeding. Accordingly, Plaintiff's claims against Defendants are barred by *Heck*. For this reason, the Court finds that Plaintiff fails to state a cognizable claim against Defendants and the complaint is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1); *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (dismissal under *Heck* is without prejudice because the suit may be reinstituted if the criminal proceeding is overturned).

## CONCLUSION

For the reasons explained above, this action is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of the Court is respectfully directed to accordingly enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: April 29, 2025
       Brooklyn, New York

4